BUCHALTER NEMER
A Professional Corporation
    Joanne N. Davies (SBN: 204100)
    *jdavies@buchalter.com*
    David M. Liu (SBN: 216311)
    *dliu@buchalter.com*
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 224-6478

Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CATHY DIANE COHEN,<br><br>    Debtor. | Case No.: 08-BK-19285-MT<br><br>Chapter: 13<br><br>Adv. Proc. Case No.: 09-AP-01082MT |
| CATHY DIANE COHEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CITI RESIDENTIAL, INC., a Delaware corporation, as assignee or successor in interest to ARGENT MORTGAGE COMPANY, LLC, a Delaware limited liability company, ROKITTO ENTERPRISES, a California corporation, STONERIDGE ESCROW CORPORATION, a California corporation, DOES 1-10 and ROES 1-10,<br><br>    Defendants. | **DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>[Concurrently filed with Declaration of Stephen Newcomb; Declaration of David M. Liu; Statement of Undisputed Facts and Conclusions of Law; Request for Judicial Notice; and [Proposed] Judgment]<br><br>Date:    November 18, 2009<br>Time:    11:00 a.m.<br>Ctrm:    302 |
| AND RELATED CROSS-ACTION. | |

BN 4201144v1                                              1

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On November 18, 2009, at 11:00 a.m. in Courtroom 302 of the United States Bankruptcy Court, Central District, the Honorable Maureen A. Tighe presiding, located at 21041 Burbank Boulevard, Woodland Hills, California 91367, defendant Argent Mortgage Company, LLC ("Argent") will move the Court for an order granting summary judgment in favor of Argent on the issue of plaintiff Cathy Diane Cohen's request for rescission pursuant to the Truth in Lending Act in her complaint. If the Court grants summary judgment on this issue, plaintiff will no longer have any claim against Argent and summary judgment will be appropriate.

This motion is made pursuant to Federal Rule of Civil Procedure 56 on the following grounds:

1. Plaintiff fails to seek any rescission against Argent and has failed to send any notice of any rescission to Argent;

2. Plaintiff has no right to seek rescission against Argent because Argent properly provided to plaintiff, as required by law, with two copies of a Notice of Right to Cancel along with material disclosures on October 10, 2006, which required plaintiff to seek rescission of the transaction by October 13, 2006. Having failed to seek rescission within this time-period, plaintiff's request for rescission is time-barred;

3. Argent no longer owns the subject loan as the current beneficiary of the loan is Wells Fargo and, accordingly, plaintiff cannot rescind the loan as to Argent; and

4. Even if rescission was an available remedy, plaintiff failed to allege her ability to tender any of the loan proceeds to Argent, the defendants or the current beneficiary of the loan. Further, as stated in her schedules attached to her bankruptcy petition, plaintiff is in bankruptcy, is unemployed and her liabilities exceed her assets. Therefore, because plaintiff cannot tender the loan proceeds to Argent or the current beneficiary, plaintiff cannot rescind the loan.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1    2
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1  This motion is based upon this notice, the concurrently filed memorandum of points and authorities, the statement of uncontroverted facts and conclusions of law, the declarations of Stephen Newcomb and David M. Liu, the request for judicial notice, and upon such further evidence as may be presented at the time of the hearing.

DATED: October 1, 2009

BUCHALTER NEMER
A Professional Corporation

By: */s/ David M. Liu*
DAVID M. LIU
Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                                    3
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

# **TABLE OF CONTENTS**

**Page**

INTRODUCTION ...................................................................................................... 1
II.  BACKGROUND & PROCEDURAL HISTORY .......................................... 2
III. UNCONTROVERTED MATERIAL FACTS............................................... 3
IV. ARGUMENT .................................................................................................... 5
    A.  Summary Judgment is Appropriate Where No Dispute of Material Facts Exist .................................................................................. 5
    B.  Plaintiff Seeks No Relief From Argent and, Therefore, Argent Should be Dismissed from the Action ..................................................... 6
    C.  Plaintiff Has No Right to Rescission Because She Admits to Receiving Two Copies of the Notices of Right to Cancel, and, Accordingly, She has No Right to Rescind the Loan ........................... 7
    D.  Plaintiff Cannot Rescind the Loan as to Argent Because Argent No Longer Owns the Loan and Cannot Effect a Rescission ............... 9
        1.  Plaintiff admits that Argent no longer owns the loan.............. 10
        2.  Argent no longer owns the loan because it was sold to Citigroup Global Markets in November 2006 and, based on recorded documents for the Property, the current beneficiary is Wells Fargo...................................................... 10
    E.  Rescission is Unavailable Because Plaintiff Failed to Allege Her Ability to Tender Any Funds She Received from Argent ................. 11
V.  CONCLUSION .............................................................................................. 12

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                                         i

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Celotex v. Catrett*,
  477 U.S. 317 (1986) .................................................................................................5

*Chiles v. Ameriquest Mortgage Co.*,
  551 F.Supp.2d 393 (E.D. Penn. 2008) .....................................................................7

*Friedman v. Younger*,
  282 F.Supp. 710 (C.D. Cal. 1968) ...........................................................................6

*Hotel Employees & Restaurant Local 2 v.*
  *Vista Inn Management Co.*,
  393 F.Supp.2d 972 (N.D. Cal. 2005) .......................................................................5

*In re Applin*,
  108 B.R. 253 (E.D. Cal. 1989) .................................................................................6

*In re E.R. Fegert, Inc.*,
  887 F.2d 955 (9th Cir. 1989) ....................................................................................6

*Lynch v. RKS Mortgage, Inc.*,
  588 F.Supp.2d 1254 (E.D. Cal. 2008) ......................................................................7

*MGIC Indemnity Corp. v. Weisman*,
  803 F.2d 500 (9th Cir. 1986) ....................................................................................5

*Nissan Fire & Marine Ins. Co., Ltd. v.*
  *Fritz Companies, Inc.*,
  210 F.3d 1099 (9th Cir. 2000) ..................................................................................5

*Pierce v. Wagner*,
  134 F.2d 958 (9th Cir. 1943) ....................................................................................6

*RKO-Stanley Warner Theaters, Inc. v.*
  *Mellon National Bank & Trust Co.*,
  436 F.2d 1297 (3rd Cir. 1970) ..................................................................................6

*Rodriguez v. Doral Mortgage Corp.*,
  57 F3d 1168 (1st Cir. 1995) .....................................................................................6

*Schroeder v. McDonald*,
  55 F.3d 454 (9th Cir. 1995) ....................................................................................10

*Western Federal Savings & Loan Ass'n v.*
  *Heflin Corp.*,
  797 F.Supp. 790 (N.D. Cal. 1992) ............................................................................5

*Yamamoto v. Bank of New York*,
  329 F.3d 1167 (9th Cir. 2003) ................................................................................11

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                                         i

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

# TABLE OF AUTHORITIES
## (continued)

**Page**

**Statutes**

12 C.F.R. § 226.2(a)(13) ............................................................................................................. 8

12 C.F.R. § 226.23(a)(2) ............................................................................................................. 6

12 C.F.R. § 226.23(a)(3) ..................................................................................................... 3, 7, 9

12 U.S.C. § 226.23(b)(1) ............................................................................................................ 8

12 C.F.R. § 226.32(c) ............................................................................................................. 3, 9

12 C.F.R. § 226.32(d) ............................................................................................................ 3, 9

12 C.F.R. § 226.35(a)(1) ............................................................................................................. 8

15 U.S.C. § 1635(a) ................................................................................................................ 7, 9

15 U.S.C. § 1635(b) .............................................................................................................. 9, 11

15 U.S.C. § 1635(c) .................................................................................................................... 8

15 U.S.C. § 1635(g) ............................................................................................................... 7, 9

15 U.S.C. § 1641 ........................................................................................................................ 9

15 U.S.C. § 1641(c) .................................................................................................................... 9

**Rules of Court**

Federal Rule of Civil Procedure 56(b) ....................................................................................... 5

Federal Rule of Civil Procedure 56(c) ....................................................................................... 5

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                                           ii

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR
SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Cathy Diane Cohen ("plaintiff") sought damages and rescission against defendant Argent Mortgage Company, LLC ("Argent") under the Truth in Lending Act ("TILA"). On May 28, 2009, this Court granted Argent's motion to dismiss plaintiff's request for damages because it was time-barred. Thus, plaintiff's sole available remedy is for rescission. As detailed in this motion for summary judgment, plaintiff cannot rescind the loan transaction with Argent.

As detailed in her complaint, plaintiff has only sought rescission against defendant Citi Residential Lending, Inc., who has not appeared in this action. Plaintiff does not allege that she seeks rescission against Argent and, as a matter of undisputable fact, has never sought rescission against Argent. Thus, without any claim for rescission against Argent, Argent should be dismissed from this action.

Further, rescission is unavailable to plaintiff because her right to rescind is time-barred. Pursuant to TILA, plaintiff had 3 business days to rescind the transaction after she received her Notice of Right to Cancel the transaction and her material disclosures. Plaintiff has a 3-year right to rescind if she was not provided these documents. As set forth in the uncontrovertible evidence in support of this motion, plaintiff acknowledged receiving her Notice of Right to Cancel and material disclosures and, thus, the 3 business day limitation period applies. Having failed to rescind within the 3 business days, plaintiff's right to rescind is time-barred.

Plaintiff also cannot rescind against Argent for the fact that Argent no longer has any current interest in the subject property or loan. Argent provided a mortgage to plaintiff in October 2006. By November 2006, Argent has transferred its interest in the mortgage to Citigroup Global Markets. And now, based on the documents recorded on the subject property, the current beneficiary of the subject loan is Wells Fargo Bank. If plaintiff seeks to rescind the loan, plaintiff must seek rescission

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1    1
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

against the current beneficiary, Wells Fargo, however, she has not even named Wells Fargo as a defendant in this action.

Lastly, plaintiff cannot rescind the loan because plaintiff must be able to tender the loan proceeds to effect a rescission. Plaintiff has failed to allege her ability to tender any of the loan proceeds. Moreover, as stated in her bankruptcy schedules, she is unable to do so based on the fact that her liabilities exceed her assets.

For all the foregoing reasons, plaintiff's only available remedy is rescission but she cannot rescind the loan against Argent. The Court should grant summary judgment in favor of Argent and dismiss this action against Argent with prejudice.

## II.    BACKGROUND & PROCEDURAL HISTORY

As alleged in the complaint, on October 13, 2006, plaintiff obtained a home mortgage loan from Argent for real property located at 4501 Cedros Avenue, Unit 335, Los Angeles, California. *See* Complaint, ¶¶ 2, 6. Defendant Citi Residential Lending is the assignee or successor in interest to Argent and is liable for Argent's alleged violations of TILA. *See id.* Defendant Rokitto Enterprises was the mortgage broker for the subject loan and defendant Stoneridge Escrow was the closing agent. *See id.*

At the consummation of the loan, plaintiff alleges that Argent did not provide her with two copies of her notice of right to rescind the transaction. *See id.* at ¶ 7. Plaintiff further alleges that unspecified defendants forged her name on a Borrower's Disbursement Authorization form. *See id.* at ¶ 8. Plaintiff further alleges that Argent provided her with a disclosure statement that was missing material disclosures. *See id.* at ¶¶ 9 to 10.

Based on the alleged TILA violations, plaintiff sought to rescind the transaction with defendant Citi Residential Lending (and not with Argent). *See id.* at ¶ 11; Ex. "D" to complaint. Plaintiff seeks a determination that defendant Citi Residential's security interest in the Property be deemed void. *See id.* at ¶ 12.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1

2

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

1 On May 9, 2009, plaintiff initiated this adversary proceeding. On April 20, 2009, Argent filed its motion to dismiss plaintiff's request for damages under TILA on the basis that it was time-barred. On May 28, 2009, the Court granted Argent's motion to dismiss plaintiff's request for damages.

### III. UNCONTROVERTED MATERIAL FACTS

On October 13, 2006, plaintiff obtained a loan funded by Argent (the "Loan"). [Uncontroverted Material Fact ("UCM") 1.] On October 5, 2006, the mortgage broker for the Loan, Rokitto Enterprises doing business as Cimax Mortgage ("Rokkitto"), provided a Truth in Lending Disclosure statement to plaintiff. [UCM 2.] Rokkitto provided a copy of this document to Argent for Argent's files in connection with the Loan. [UCM 2.] This Truth in Lending Disclosure Statement provides the following:

> You are not required to complete this agreement merely because you have received these disclosures or could have signed a loan application. If you obtain this loan, the Lender will have a mortgage on your home. YOU COULD LOSE YOUR HOME AND ANY MONEY YOU HAVE PUT INTO IT, IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THE LOAN.

This Truth in Lending Disclosure statement meets the requirements for providing material disclosures to plaintiff pursuant to 12 C.F.R. § 226.23(a)(3) and 12 C.F.R. § 226.32(c) and (d). [UCM 2.]

In connection with the Loan, on October 10, 2006, plaintiff executed the following documents: (1) Notice of Right to Cancel, dated October 10, 2006; (2) Truth in Lending Disclosure Statement, dated October 10, 2006; and (3) Borrower's Acknowledgment of Final Loan Terms, dated October 10, 2006, which shows that the Loan was a fixed rate loan. [UCM 3.]

As alleged in her complaint, on February 11, 2009, plaintiff sent a notice of rescission to defendant Citi Residential Lending, Inc. [UCM 4.] Plaintiff has never sent a notice of rescission of the Loan to Argent. [UCM 4.]

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1    3

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

On October 18, 2006, defendant Stoneridge Escrow performed the loan closing whereby the settlement of the Loan occurred on October 18, 2006. [UCM 5.]

After originating the loan, Argent assigned all rights under the loan to Ameriquest Mortgage Company ("Ameriquest"). [UCM 6.] On November 14, 2006, Ameriquest entered into an agreement with Citigroup Global Markets Realty Corporation ("Citi Global") whereby certain loans, including the Loan to plaintiff, would be sold to Citi Global. The sale of the Loan was effected on December 19, 2006. [UCM 7.]

On September 19, 2007, a Notice of Default and Election to Sell Under Deed of Trust, issued by Executive Trustee Services, LLC, as trustee for GMAC Mortgage LLC formerly known as GMAC Mortgage Corporation, was recorded on the Property. [UCM 8.]

On December 6, 2007, an Assignment of Deed of Trust transferred all beneficial interest in the property from GMAC Mortgage, LLC to Wells Fargo Bank, NA. [UCM 9.] On March 3, 2009, as the foreclosing beneficiary, Wells Fargo Bank purchased the property at a trustee's sale. [UCM 10.] On March 27, 2009, Executive Trustee Services, LLC, recorded a Notice of Rescission of Trustee's Deed Upon Sale, dated March 27, 2009, which rescinded the March 3, 2009 trustee's sale to Wells Fargo. [UCM 11.]

As of September 22, 2009, no other documents have been recorded in the Los Angeles County Recorder's office for the subject property. [UCM 12.]

On November 19, 2008, plaintiff filed the pending action for Chapter 13 bankruptcy. In her bankruptcy petition, plaintiff admits that she is unemployed and that her assets exceed her liabilities. [UCM 13.]

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1    4
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## IV. ARGUMENT

### A. Summary Judgment is Appropriate Where No Dispute of Material Facts Exist

Federal Rule of Civil Procedure 56(c) provides that a summary judgment is appropriate where there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. One of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims. *See Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986). Hence, summary judgment is appropriate to secure a "just, speedy and inexpensive determination" of an action. *See id.* at 327.

A defendant may move for summary judgment at any time during the litigation. *See* Fed. R. Civ. Proc. 56(b). A defendant moving for summary judgment may establish that the plaintiff lacks evidence to support her claim. *See Celotex*, 477 U.S. at 325. Further, a defendant may negate an essential element of a plaintiff's claim. *See Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

Once a moving party bears its burden of production of evidence, the non-moving party must produce admissible evidence in support of her claims. *See Nissan Fire*, *supra*, 210 F.3d at 1103.

In support of a motion for summary judgment, the Court may take judicial notice of facts that are not subject to reasonable dispute, such as documents recorded with the county recorder's office, *i.e.*, certified and recorded deeds of trust. *See* Fed. R. Evid. 201; *MGIC Indemnity Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding that the court may take judicial notice of public records); *Hotel Employees & Restaurant Local 2 v. Vista Inn Management Co.*, 393 F.Supp.2d 972, 977-78 (N.D. Cal. 2005) (holding that certified and recorded deeds are proper subjects of judicial notice); *Western Federal Savings & Loan Ass'n v. Heflin Corp.*, 797 F.Supp. 790, 792 (N.D. Cal. 1992) (taking judicial notice of recorded deeds of trust in support of motion for summary judgment).

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1    5
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Further, the Court may take judicial notice of facts as found in the files of a bankruptcy proceeding. *See In re E.R. Fegert, Inc.,* 887 F.2d 955, 957-58 (9th Cir. 1989); *In re Applin*, 108 B.R. 253, 257 (E.D. Cal. 1989) ("Judicial notice of basic filings in the bankruptcy case is permissible to fill in gaps in the evidentiary record of a specific adversary proceeding or contested matter.").

### B. Plaintiff Seeks No Relief From Argent and, Therefore, Argent Should be Dismissed from the Action

At the bare minimum, a complaint must state: (1) the court's jurisdiction, (2) plaintiff's right to relief, (3) a violation of that right, (4) resulting injury, and (5) a demand for relief. *See Pierce v. Wagner*, 134 F.2d 958, 960 (9th Cir. 1943).

Where a complaint fails to seek relief against a defendant, the defendant should be dismissed because no claim for relief is asserted against that defendant. *See RKO-Stanley Warner Theaters, Inc. v. Mellon National Bank & Trust Co.*, 436 F.2d 1297, 1304 (3rd Cir. 1970); *Friedman v. Younger*, 282 F.Supp. 710, 714 (C.D. Cal. 1968) (holding that when nothing is alleged, plaintiff has failed to show that plaintiff is entitled to any relief). A court may not enter judgment against a defendant where a proper claim is not asserted. *See Rodriguez v. Doral Mortgage Corp.*, 57 F3d 1168, 1171-74 (1st Cir. 1995).

With respect to plaintiff's TILA claim, to properly seek rescission against Argent, plaintiff must have sent a notice of rescission by mail, telegram or other means of communication to Argent. *See* 12 C.F.R. § 226.23(a)(2). Plaintiff has never sent any request for rescission to Argent. [UMF 4.]

As alleged in the complaint, plaintiff only seeks rescission as to defendant Citi Residential Lending. There are absolutely no allegations that plaintiff seeks any relief against Argent. Hence, based on the simple fact that plaintiff fails to seek any remedies against Argent, the Court should dismiss Argent from this action, with prejudice.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                    6
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

### C. Plaintiff Has No Right to Rescission Because She Admits to Receiving Two Copies of the Notices of Right to Cancel, and, Accordingly, She has No Right to Rescind the Loan

TILA provides for two remedies for an alleged violation of the statute: damages and rescission. *See* 15 U.S.C. § 1635(g). As the Court has already held that plaintiff's claim for damages is time-barred, plaintiff's only available remedy is rescission.

While plaintiff alleges that she has a right to rescind, the facts and the law show that plaintiff has no right to rescind. TILA provides a three business-day time limit to rescind after a consumer receives a Notice of Right to Rescind. *See* 15 U.S.C. § 1635(a). If a claim for rescission is not timely made in the 3-day period, the claim is time-barred. *See Lynch v. RKS Mortgage, Inc.,* 588 F.Supp.2d 1254, 1260-61 (E.D. Cal. 2008); *Chiles v. Ameriquest Mortgage Co.,* 551 F.Supp.2d 393, 397-98 (E.D. Penn. 2008). As more fully explained in 12 C.F.R. § 226.23(a)(3):

> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [n48] whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.
>
> n48 [Effective until Oct. 1, 2009.] The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total payments, the payment schedule, and the disclosures and limitations referred to in § 226.32 (c) and (d).
>
> n48 [Effective Oct. 1, 2009.] The term "material disclosures" means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2).

---

[1] Plaintiff has not alleged that her loan was a "higher priced mortgage loan" as defined in 12 C.F.R. § 226.35(a)(1), which defines the term as: "[a] consumer credit transaction secured by the

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1

7

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Thus, a consumer has three business days to rescind after either: (1) the consummation of the transaction, (2) delivery of the Notice of Right to Rescind, or (3) delivery of all material disclosures. The 3-year limitations period is only effective if the Notice of Right to Rescind or the material disclosures were not provided to the consumer.

Importantly, a rebuttable presumption exists that written acknowledgement of the receipt of any disclosures creates a rebuttable presumption of delivery. *See* 15 U.S.C. § 1635(c). Here, plaintiff acknowledges receipt of the Notice of Right to Rescind and her receipt of the material disclosures. [UMF 3.]

A consumption of a transaction occurs when "[a] consumer becomes contractually obligated on a credit transaction…" *See* 12 C.F.R. § 226.2(a)(13). Here, the loan was consummated at the loan closing on October 10, 2006. [UMF 3.] Thus, the 3-day right to rescind began on October 10, 2006.

Plaintiff acknowledges receiving the Notice of Right to Cancel on October 10, 2006. [UMF 3.] The Notice of Right to Cancel that she received contained the information required by 12 U.S.C. § 226.23(b)(1): (1) the imposition of a security interest in the real property, (2) plaintiff's right to rescind the transaction, (3) how plaintiff could rescind the transaction, (4) the effects of rescinding, and (5) the date the rescission period expired.[2] The 3-day right to rescind began on October 10, 2006.

Plaintiff also acknowledges receiving her material disclosures on October 10, 2006. [UMF 3.] As required by 12 C.F.R. § 226.23(a)(3), the material disclosures that plaintiff received for her fixed rate loan included the required annual percentage rate, finance charge, amount financed, total payments, and payment

---

consumer's principal dwelling with an annual percentage rate that exceeds the average prime offer rate for a comparable transaction as of the date the interest rate is set by 1.5 or more percentage points for loans secured by a first lien on a dwelling, or by 3.5 or more percentage points for loans secured by a subordinate lien on a dwelling."

[2] Argent requests that the Court take judicial notice that October 10, 2006 was a business day (Tuesday) and that October 13, 2006 was also a business day (Friday).

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                                    8
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

schedule. Further, plaintiff received the disclosure required by 12 C.F.R. § 226.32(c) and (d). [UMF 2.] Thus, the 3-day right to rescind began on October 10, 2006.

The undisputed facts show that plaintiff's 3-day right to rescind began on October 10, 2006. The 3-business day right to rescind expired on October 13, 2006. Plaintiff never provided any notice to Argent that she sought to rescind the transaction. [UMF 4.] After the 3-day right to rescind period expired, the loan closing, including loan disbursements, occurred on October 18, 2006 which took place at the offices of Stoneridge Escrow. [UMF 5.]

Thus, having received these documents on October 10, 2006, plaintiff's right to rescind ended by October 13, 2006. Plaintiff did not file her action until May 9, 2009. The right to rescind is time-barred.

### D. **Plaintiff Cannot Rescind the Loan as to Argent Because Argent No Longer Owns the Loan and Cannot Effect a Rescission**

Plaintiff's right to rescind, if any exists, is against the creditor on the Loan. *See* 15 U.S.C. § 1635(a), (b) and (g). Argent is no longer the creditor on the Loan.

Instead of seeking rescission against Argent, plaintiff must seek rescission against the current creditor on the Loan. 15 U.S.C. § 1641, entitled, "Liability of assignees," subsection (c), states that:

> Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation.

Argent originated the loan with plaintiff. [UMF 1.] However, Argent no longer owns the subject loan nor has any interest in the Property.

#### *1. Plaintiff admits that Argent no longer owns the loan*

Factual allegations based on personal knowledge in a verified complaint may be used as evidence in connection with a motion for summary judgment. *See Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995).

As judicially admitted by plaintiff in her <u>verified</u> complaint, the loan on the Property was transferred to defendant Citi Residential Lending, Inc.:

> On or about October 13, 2006, the Debtor entered into a consumer loan transaction with Argent Mortgage Company, LLC (hereinafter, "Argent"). <u>Defendant Citi Residential Lending, Inc. (hereinafter, "Citi") is the assignee or successor in interest to Argent</u>, and, as such, is liable for Argent's violations of the Truth in Lending Act.

Complaint, ¶ 3 (emphasis added). This fact is verified by plaintiff as stated in her verification:

> I, Cathy Diane Cohen, am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

Plaintiff's allegation that the subject loan was assigned or otherwise sold to Citi Residential is not stated on information and belief and is thus assumed true.

Further, as illustrated in Exhibit "D" to the complaint, plaintiff only sought to rescind the loan from Citi Residential Lending and not from Argent.

> *2.     Argent no longer owns the loan because it was sold to Citigroup Global Markets in November 2006 and, based on recorded documents for the Property, the current beneficiary is Wells Fargo*

After Argent originated the loan, the loan was assigned to Ameriquest Mortgage Company. [UMF 1, 6.] On November 14, 2006, Ameriquest sold the subject loan to Citigroup Global Markets Realty Corp. [UMF 7.] Thereafter, GMAC Mortgage LLC became the beneficiary of the Loan. [UMF 8.] On December 6, 2007, GMAC Mortgage LLC transferred its interests in the Loan to Wells Fargo. [UMF 9.] On March 3, 2009, Wells Fargo sold the Property at a trustee's sale but later rescinded that transaction. [UMF 10 to 11.]

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                                10
**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Thus, the undisputed fact is that Wells Fargo is the current beneficiary on the Loan and not Argent. If plaintiff seeks rescission of the Loan, she should seek rescission as to Wells Fargo who she has not named as a defendant in this action.

### E. Rescission is Unavailable Because Plaintiff Failed to Allege Her Ability to Tender Any Funds She Received from Argent

In order to rescind a transaction under TILA, the plaintiff must return all of the loan proceeds to the creditor. *See* 15 U.S.C. § 1635(b). Summary judgment is appropriate to end a plaintiff's TILA claim for rescission where the plaintiff is unable to allege or show that she can return the loan funds to the lender. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-72 (9th Cir. 2003). Determining whether a plaintiff/borrower can return the loan proceeds is critical because if a borrower in unable to do so, a trial on a plaintiff's claimed rescission rights is a waste of judicial resources. *See id*. at 1172.

Here, plaintiff has not even alleged that she could tender the loan proceeds to any creditor. Further, plaintiff is currently in bankruptcy, she is unemployed and her bankruptcy filings show that her liabilities ($420,000) exceed her assets ($416,085). [UMF 13.]

Moreover, having failed to name the current beneficiary, Wells Fargo, plaintiff cannot tender the loan proceeds at all to the current beneficiary of the loan.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1    11

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

## V. **CONCLUSION**

For all of the foregoing reasons, Argent's motion for summary judgment, or, in the alternative, for summary adjudication should be granted.

DATED: October 1, 2009

BUCHALTER NEMER
A Professional Corporation

By: */s/ David M. Liu*
DAVID M. LIU
Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4201144v1                    12

**DEFENDANT ARGENT MORTGAGE COMPANY, LLC'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**