BUCHALTER NEMER
A Professional Corporation
Joanne N. Davies (SBN: 204100)
*jdavies@buchalter.com*
David M. Liu (SBN: 216311)
*dliu@buchalter.com*
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: (949) 760-1121
Facsimile: (949) 224-6478

Attorneys for Defendant
ARGENT MORTGAGE COMPANY, LLC

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CATHY DIANE COHEN,<br><br>Debtor. | Case No.: 08-BK-19285-MT<br><br>Chapter: 13<br><br>Adv. Proc. Case No.: 09-AP-01082MT |
| CATHY DIANE COHEN,<br><br>Plaintiff,<br><br>vs.<br><br>CITI RESIDENTIAL, INC., a Delaware corporation, as assignee or successor in interest to ARGENT MORTGAGE COMPANY, LLC, a Delaware limited liability company, ROKITTO ENTERPRISES, a California corporation, STONERIDGE ESCROW CORPORATION, a California corporation, DOES 1-10 and ROES 1-10,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTION. | **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>[Concurrently filed with Notice of Motion and Motion; Declaration of Stephen Newcomb; Declaration of David M. Liu; Request for Judicial Notice; and [Proposed] Judgment]<br><br>Date:   November 18, 2009<br>Time:  11:00 a.m.<br>Ctrm:   302 |

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
IRVINE

BN 4464570v1

1

STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW

After consideration of the papers in support of and in opposition to defendant Argent Mortgage Company, LLC's motion for summary judgment and the oral argument of the parties, the Court determines that the following facts have been established as:

## UNCONTROVERTED FACTS

1. On October 13, 2006, plaintiff obtained a loan funded by Argent (the "Loan"). *See* Verified Complaint, ¶ 3, attached as Ex. 1 to Argent's Request for Judicial Notice ("RJN"); certified copy of the recorded Deed of Trust, dated October 10, 2006, between plaintiff Cathy Diane Cohen and Argent, attached hereto as Ex. 2 to Argent's RJN; Declaration of Stephen Newcomb ("Newcomb Decl."), ¶ 4.

2. On October 5, 2006, the mortgage broker for the Loan, Rokitto Enterprises doing business as Cimax Mortgage ("Rokkitto"), provided a Truth in Lending Disclosure statement to plaintiff. Rokkitto provided a copy of this document to Argent for Argent's files in connection with the Loan. *See* Newcomb Decl., ¶ 5; Ex. 1 to Newcomb Decl. This Truth in Lending Disclosure Statement provides the following:

> You are not required to complete this agreement merely because you have received these disclosures or could have signed a loan application. If you obtain this loan, the Lender will have a mortgage on your home. YOU COULD LOSE YOUR HOME AND ANY MONEY YOU HAVE PUT INTO IT, IF YOU DO NOT MEET YOUR OBLIGATIONS UNDER THE LOAN.

This Truth in Lending Disclosure statement meets the requirements for providing material disclosures to plaintiff pursuant to 12 C.F.R. § 226.23(a)(3) and 12 C.F.R. § 226.32(c) and (d).

3. In connection with the Loan, on October 10, 2006, plaintiff executed the following documents: (1) Notice of Right to Cancel, dated October 10, 2006; (2) Truth in Lending Disclosure Statement, dated October 10, 2006; and (3) Borrower's Acknowledgment of Final Loan Terms, dated October 10, 2006, which

1  shows that the Loan was a fixed rate loan.  *See* Newcomb Decl., ¶¶ 6 to 8; Exs. 2 to
2  4 to Newcomb Decl.

3      4.   As alleged in her complaint, on February 11, 2009, plaintiff sent a
4  notice of rescission to defendant Citi Residential Lending, Inc.  *See* Ex. 1 to
5  Argent's RJN (exhibit D to the complaint).  Plaintiff has never sent a notice of
6  rescission of the Loan to Argent.  *See* Newcomb Decl., ¶ 10.

7      5.   On October 18, 2006, defendant Stoneridge Escrow performed the
8  loan closing whereby the settlement of the Loan occurred on October 18, 2006.  *See*
9  Newcomb Decl., ¶ 9; Ex. 5 to Newcomb Decl.

10     6.   After originating the loan, Argent assigned all rights under the loan to
11 Ameriquest Mortgage Company ("Ameriquest").  *See* Newcomb Decl., ¶ 11.

12     7.   On November 14, 2006, Ameriquest entered into an agreement with
13 Citigroup Global Markets Realty Corporation ("Citi Global") whereby certain
14 loans, including the Loan to plaintiff, would be sold to Citi Global.  The sale of the
15 Loan was effected on December 19, 2006.  *See* Newcomb Decl., ¶ 12.

16     8.   On September 19, 2007, a Notice of Default and Election to Sell
17 Under Deed of Trust, issued by Executive Trustee Services, LLC, as trustee for
18 GMAC Mortgage LLC formerly known as GMAC Mortgage Corporation, was
19 recorded on the Property.  *See* Ex. 3 to Argent's RJN; Declaration of David M. Liu
20 ("Liu Decl."), ¶ 2.

21     9.   On December 6, 2007, an Assignment of Deed of Trust transferred all
22 beneficial interest in the property from GMAC Mortgage, LLC to Wells Fargo
23 Bank, NA.  *See* Ex. 4 to Argent's RJN; Liu Decl., ¶ 2.

24     10.  On March 3, 2009, as the foreclosing beneficiary, Wells Fargo Bank
25 purchased the property at a trustee's sale.  *See* Ex. 5 to Argent's RJN; Liu Decl., ¶
26 2.

27     11.  On March 27, 2009, Executive Trustee Services, LLC, recorded a
28 Notice of Rescission of Trustee's Deed Upon Sale, dated March 27, 2009, which

1    rescinded the March 3, 2009 trustee's sale to Wells Fargo.  *See* Ex. 6 to Argent's
2    RJN; Liu Decl., ¶ 2.
3        12.    As of September 22, 2009, no other documents have been recorded in
4    the Los Angeles County Recorder's office for the subject property.  *See* Liu Decl., ¶
5    3.
6        13.    On November 19, 2008, plaintiff filed the pending action for Chapter
7    13 bankruptcy.  In her bankruptcy petition, plaintiff admits that she is unemployed
8    and that her assets exceed her liabilities.  *See* Ex. 7 to Argent's RJN.
9        Based on the foregoing, the Court makes its conclusions of law as follows:

## CONCLUSIONS OF LAW

11        1.    This Court has jurisdiction over this adversary proceeding pursuant to
12    28 U.S.C. § 1334 (a) and (b); 28 U.S.C. § 157(a) and (b)(2)(A), (B), and (K).
13        2.    Plaintiff's claim for rescission under the Truth in Lending Act
14    ("TILA") is governed by 15 U.S.C. § 1635.
15        3.    Plaintiff obtained a refinance loan through Argent on October 10, 2006
16    (the "Loan").
17        4.    Plaintiff only seeks damages and rescission as to defendant Citi
18    Residential Lending.  There are absolutely no allegations that plaintiff seeks any
19    relief against Argent.  Where a complaint fails to seek relief against a defendant, the
20    defendant should be dismissed because no claim for relief is asserted against that
21    defendant.  *See RKO-Stanley Warner Theaters, Inc. v. Mellon National Bank &*
22    *Trust Co.*, 436 F.2d 1297, 1304 (1970); *Friedman v. Younger*, 282 F.Supp. 710
23    C.D. Cal. 1968) (holding that when nothing is alleged, plaintiff has failed to show
24    that plaintiff is entitled to any relief).  A court may not enter judgment against a
25    defendant where a proper claim is not asserted.  *See Rodriguez v. Doral Mortgage*
26    *Corp.*, 57 F3d 1168, 1171-74 (1st Cir. 1995).  Thus, because plaintiff does not seek
27    rescission against Argent, her claim for rescission fails as against Argent.
28

5.  TILA provides for two remedies for an alleged violation of the statute: damages and rescission. *See* 15 U.S.C. § 1635(g). As the Court has already held that plaintiff's claim for damages is time-barred, plaintiff's only available remedy is rescission. TILA provides a three business day time limit to rescind after a consumer receives a Notice of Right to Rescind. *See* 15 U.S.C. § 1635(a). If a claim for rescission is not timely made in the 3-day period, the claim is time-barred. *See Lynch v. RKS Mortgage, Inc.,* 588 F.Supp.2d 1254, 1260-61 (E.D. Cal. 2008); *Chiles v. Ameriquest Mortgage Co.,* 551 F.Supp.2d 393, 397-98 (E.D. Penn. 2008).

6.  Pursuant to 12 C.F.R. § 226.23(a)(3), a consumer has three business days to rescind after either: (1) the consummation of the transaction, (2) delivery of the Notice of Right to Cancel, or (3) delivery of all material disclosures. The 3-year limitations period is only effective if the Notice of Right to Cancel or the material disclosures were not provided to the consumer.

7.  A rebuttable presumption exists that written acknowledgement of the receipt of any disclosures creates a rebuttable presumption of delivery. *See* 15 U.S.C. § 1635(c).

8.  The Court takes judicial notice that October 10, 2006 was a business day (Tuesday) and that October 13, 2006 was also a business day (Friday).

9.  A consummation of a transaction occurs when "[a] consumer becomes contractually obligated on a credit transaction…" *See* 12 C.F.R. § 226.2(a)(13). As admitted by plaintiff in her complaint, the loan was consummated at the loan closing on October 10, 2006 when she allegedly did not get two copies of her Notice of Right to Cancel. Thus, the 3-day right to rescind began on October 10, 2006.

10. Plaintiff acknowledges receiving the Notice of Right to Cancel on October 10, 2006. The Notice of Right to Cancel that she received contained the information required by 12 U.S.C. § 226.23(b)(1): (1) the imposition of a security interest in the real property, (2) plaintiff's right to rescind the transaction, (3) how

plaintiff could rescind the transaction, (4) the effects of rescinding, and (5) the date the rescission period expired.

11. Plaintiff also acknowledges receiving the material disclosures on October 10, 2006. As required by 12 C.F.R. § 226.23(a)(3), the material disclosures that plaintiff received for her fixed rate loan included the required annual percentage rate, finance charge, amount financed, total payments, and payment schedule. Further, plaintiff received the disclosure required by 12 C.F.R. § 226.32(c) and (d).

12. The uncontroverted material facts show that plaintiff's 3 business day right to rescind began on October 10, 2006. The 3 business day right to rescind expired on October 13, 2006. Plaintiff never provided any notice to Argent that she sought to rescind the transaction. After the 3 business day right to rescind period expired, the loan closing, including loan disbursements, occurred on October 18, 2006 which took place at the offices of Stoneridge Escrow. Thus, having received these documents on October 10, 2006, plaintiff's right to rescind ended by October 13, 2006. Plaintiff did not file her action until May 9, 2009. The right to rescind is time-barred.

13. Plaintiff's right to rescind, if any exists, is against the creditor on the Loan. *See* 15 U.S.C. § 1635(a), (b) and (g). Argent is no longer the creditor on the Loan. Pursuant to 15 U.S.C. § 1641(c), instead of seeking rescission against Argent, plaintiff must seek rescission against the current creditor on the Loan.

14. The loan on the Property was transferred to defendant Citi Residential Lending, Inc. Plaintiff's allegation that the subject loan was assigned or otherwise sold to Citi Residential is not stated on information and belief and is thus assumed true. Further, as illustrated in Exhibit "D" to the complaint, plaintiff only sought to rescind the loan from Citi Residential Lending and not from Argent.

15. After Argent originated the Loan, the Loan was assigned to Ameriquest Mortgage Company. On November 14, 2006, Ameriquest sold the

subject loan to Citigroup Global Markets Realty Corp.  Thereafter, GMAC Mortgage LLC became the beneficiary of the Loan.  On December 6, 2007, GMAC Mortgage LLC transferred its interests in the Loan to Wells Fargo.  On March 3, 2009, Wells Fargo sold the Property at a trustee's sale but later rescinded that transaction.  Thus, the undisputed fact is that Wells Fargo is the current beneficiary on the Loan and not Argent.  If plaintiff seeks rescission of the Loan, she should seek rescission as to Wells Fargo who she has not named as a defendant in this action.

16. In order to rescind a transaction under TILA, the plaintiff must return all of the loan proceeds to the creditor.  *See* 15 U.S.C. § 1635(b).  Summary judgment is appropriate to end a plaintiff's TILA claim for rescission where the plaintiff is unable to allege or show that she can return the loan funds to the lender. *See Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171-72 (9th Cir. 2003).

17. Here, plaintiff has not even alleged that she could tender the loan proceeds to any creditor.  Further, plaintiff is currently in bankruptcy, she is unemployed and her bankruptcy filings show that her liabilities ($420,000) exceed her assets ($416,085).  Moreover, having failed to name the current beneficiary, Wells Fargo, plaintiff cannot tender the loan proceeds at all to the current beneficiary of the loan.  Thus, plaintiff cannot rescind as against Argent.

DATED:  November __, 2009

_____
THE HONORABLE MAUREEN S. TIGHE
JUDGE, UNITED STATES DISTRICT COURT