

FILED & ENTERED

FEB 23 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY natan      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No.: 1:08-bk-19285-MT |
| Cathy Diane Cohen, | Adversary No.: 1:09-ap-01082-MT |
| | Chapter: 13 |
| Debtor(s), | **MEMORANDUM OF OPINION GRANTING SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS AND DISMISSING ADVERSARY PROCEEDING** |
| Cathy Diane Cohen | |
| Plaintiff(s), | |
| Vs. | |
| ARGENT MORTGAGE COMPANY LLC,  CITI RESIDENTIAL LENDING, INC as servicing agent for ARGENT MORTGAGE COMPANY, LLC., its successors and/or assigns,  Rokitto Enterprises, Stoneridge Escrow Corporation | |
| Defendant(s). | |

Following the hearing in this matter held on December 15, 2009 on Argent Mortgage Company, LLC's Motion for Summary Judgment and Stoneridge Escrow's Motion for Judgment on the Pleadings, considering all arguments made at the hearing and reviewing all papers filed in relation thereto, the Court grants summary judgment and judgment on the pleadings.

**Background**

On October 13, 2006, debtor/plaintiff Cathy Diane Cohen ("debtor") entered into a consumer debt transaction ("the loan") with Argent Mortgage Company, LLC ("Argent"). To secure the loan Argent took a security interest in 4501 Cedros Avenue, Unit #335, Los Angeles, CA 91403, real property owned by the debtor. One week earlier, on October 5, 2006, Rokitto Enterprises ("Rokitto"), acting as the mortgage broker on the loan, provided the debtor with a Truth in Lending disclosure statement. On October 6, 2006, the debtor allegedly executed a Notice of Right to Cancel, Truth in Lending Disclosure Statement, and Borrower's Acknowledgement of Final Loan Terms.

On October 18, 2006, the loan closed. Stoneridge Escrow ("Stoneridge") performed the loan closing. That same day, a trust deed securing the loan was recorded. After a series of assignments, Wells Fargo Bank, N.A. ("Wells Fargo") is the current holder of the note and trust deed.

On November 18, 2008, the debtor filed a voluntary chapter 13 petition after defaulting on the loan. On February 11, 2009, the debtor sent a notice of rescission to named defendant Citi Residential Lending, Inc. ("Citi"), who was at one point an assignee of the note on the loan. On March 9, 2009, the debtor filed an adversary complaint against Argent, Rokitto, Citi and Stoneridge, alleging that Argent, in making the loans, failed to comply with the requirements of the Truth in Lending Act ("TILA"). The debtor alleged that Argent failed to provide her with two copies of a notice of her right to rescind the transaction, that Argent forged her signature and did not delay the disbursement of funds, and that the disclosure provided failed to itemize the disbursements towards fees. The debtor sought both damages and rescission. It is undisputed that the debtor never sent a notice of rescission to any of the defendants other than Citi, and that Wells Fargo is not a defendant in this action. At this point, the debtor is approximately 14 payments behind.

//
//
//
//

On April 20, 2009, Argent filed a motion to dismiss the adversary proceeding pursuant to Federal Rule of Civil Procedure 12(b)(6).  Argent based its motion on the grounds that 15 U.S.C. §1640 bars all claims for damages under TILA if the plaintiff initiates the lawsuit more than one year after the alleged violations occur.  Stoneridge later joined the motion to dismiss. On May 20, 2009, the court ruled that the debtor was barred from seeking damages pursuant to 15 U.S.C. §1640, but permitted the case to proceed on the rescission theory.

On October 1, 2009, Argent filed its Motion for Summary Judgment on the grounds that Argent is no longer the holder of the note and therefore cannot affect rescission, that plaintiff had signed the disclosure forms which she alleged she did not receive, and that the plaintiff is unable to tender the loan proceeds in the event she were to succeed in her action for rescission.  On October 8, 2009 Stoneridge filed a Motion for Judgment on the Pleadings, on the grounds that the complaint does not contain any allegations against Stoneridge.  On October 15, 2009, Wells Fargo filed a motion for relief from the automatic stay due to the debtor's failure to make regular post-petition trust deed payments.  On December 15, 2009, a hearing was held on all three motions.

**Motion for Judgment on the Pleadings**

Stoneridge filed its Motion for Judgment on the Pleadings on the grounds that the complaint does not contain any allegations against Stoneridge.  The complaint identifies Stoneridge as the closing agent on the loan, but otherwise does not allege any act or omission by Stoneridge, and does not seek relief against Stoneridge in the prayer.  Additionally, the complaint does not allege that the debtor ever sent a notice of rescission to Stoneridge.

The same standard applies in a Rule 12(c) motion as in a Rule 12(b)(6) motion.  *Qwest Commc'ns Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002); *Ross v. U.S. Bank Nat'l Ass'n*, 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008).  Judgment on the pleadings is appropriate when, treating all factual allegations in the attacked pleadings as true, the moving party is entitled to judgment as a matter of law.  *Hal Roach Studies, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  However, the court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Here, the debtor's complaint does not make any allegations directly against defendant Stoneridge.  All conduct complained of is alleged to have been performed by the other co-defendants.  The debtor never sent a notice of rescission to Stoneridge, and the allegedly deficient disclosures occurred more than three years ago.  Therefore, taking all allegations in the complaint as true, Stoneridge is entitled to a judgment on the pleadings.  Plaintiff's complaint thus fails as to defendant Stoneridge.

**Motion for Summary Judgment**

Argent filed its Motion for Summary Judgment based on three grounds.  First, Argent asserts that summary judgment is appropriate because Argent no longer owns the loan, and therefore it is impossible to rescind the loan as to Argent.  Second, Argent asserts that the debtor executed the disclosures that she alleges she never received.  Third, Argent asserts that summary judgment is proper because the debtor does not have the ability to tender the funds necessary should she prevail on her rescission action.  The debtor's sole response to the motion for summary judgment is the assertion that the disclosures she allegedly executed were actually forged.

A party against whom relief is sought may move for summary judgment on all or part of the claim.  FED.R.CIV.P. 56(b).  A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c).  In determining whether there is a genuine issue of material fact, the court views the evidence in the light most favorable to the nonmoving party.  *Cline v. Indus. Maint. Eng'g & Constr. Co.*, 200 F.3d 1223, 1228 (9th Cir. 2000).  "Summary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

//
//
//

Under TILA, a borrower has the right to rescind a contract until midnight of the third business day following consummation of the transaction or delivery of the information and rescission forms required under TILA by notifying the creditor of his or her intention to do so. 15 U.S.C. §1635(a). In any event, the right to rescission expires three years after consummation of the transaction even if the disclosures are not delivered. *Id.* at §1635(f). There is a rebuttable presumption of delivery of the required disclosures where there is a written acknowledgment of receipt of the disclosures required under TILA. *Id.* at §1635(c).

In this case, there is a genuine issue as to whether the debtor received the required TILA disclosures, due to the debtor's assertion that her signature was forged on the disclosures. However, it is undisputed that the plaintiff did not notify any defendant other than Citi of her intention to rescind the loan agreement. Since more than three years have passed since the alleged TILA violation, the limitation period in 15 U.S.C. §1635(f) bars the plaintiff's action.

**Inability to Tender Proceeds**

In addition to the foregoing, the plaintiff's entire adversary complaint as to all defendants must be dismissed because the debtor has failed to demonstrate an ability to tender the funds necessary to affect rescission. In *Yamamoto v. Bank of New York*, 329 F.3d 1167 (9th Cir. 2003), the court of appeals for the Ninth Circuit held that the district court has the discretion to require a borrower seeking rescission under TILA to demonstrate that that she has the ability to tender the proceeds if she prevails. In *Yamamoto*, the debtors refinanced a mortgage loan, which was ultimately assigned. 329 F.3d at 1168. The debtors filed bankruptcy after defaulting and sought to rescind the loan on the basis that they did not receive the proper TILA disclosures. *Id.* at 1168-69. The district court dismissed the rescission action after the debtors were unable to tender the proceeds that would need to be turned over to the lender if the rescission action were successful. *Id.* at 1169. The court of appeals upheld the district court's ruling that although there was a triable issue of fact as to whether the debtors actually received the disclosures required under TILA, dismissal of the action was appropriate because the debtors could not demonstrate an ability to tender the loan proceeds. *Id.* at 1173.

As in *Yamamoto*, in the debtor in the instant case is seeking to rescind her loan because she allegedly did not receive the proper disclosures under TILA. Also as in *Yamamoto*, there appears to be a triable issue as to whether the debtor did in fact receive the disclosures. On December 15, 2009, the court ordered the plaintiff to file, no later than January 8, 2010, evidence of her ability to tender the loan proceeds in the event that she were to succeed on her rescission claim. On January 7, 2010, the plaintiff filed a declaration in which she stated that she believes she will be able to tender the loan proceeds by borrowing funds from her relatives and with proceeds from a civil lawsuit she is currently litigating. The declaration states that the plaintiff believes her lawsuit to be valued at a minimum of $300,000. The declaration includes absolutely no evidence supporting the plaintiff's contentions as to borrowing funds from her relatives or the alleged civil lawsuit in which she is engaged.

In light of the plaintiff's failure produce any evidence of her ability to tender the loan proceeds aside from the unsupported statements in her declaration, the plaintiff's case will be dismissed.

**Relief from Stay**

Wells Fargo's motion for relief from the automatic stay, filed in the main bankruptcy case, was continued pending the ruling on the motions of Argent and Stoneridge. Wells Fargo is seeking relief based on the debtor's failure to make post-petition trust deed payments. Because the debtor's adversary proceeding fails, Wells Fargo is entitled to relief from the stay due to the debtor's undisputed failure to make ten post-petition payments, for a total post-petition delinquency of $32,644.45. Wells Fargo's motion for relief from the stay is granted.

//
//
//
//
//
//
//

**Conclusion**

Under separate orders, based on the foregoing independent and adequate grounds, both Argent's and Stoneridge's motions are granted, the debtor's adversary proceeding is dismissed, and Wells Fargo is granted relief from the automatic stay.

DATED: February 23, 2010

United States Bankruptcy Judge

- 7 -

**NOTE TO USERS OF THIS FORM**:

**1)** Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **MEMORANDUM OF OPINION GRANTING SUMMARY JUDGMENT AND JUDGMENT ON THE PLEADINGS AND DISMISSING ADVERSARY PROCEEDING** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of February 18, 2010, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

- Jon D Cantor    jdcantor@dykema.com
- David M Liu    bkgroup@buchalter.com
- Giovanni Orantes    go@gobklaw.com, gorantes@orantes-law.com,cmh@gobklaw.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

ARGENT MORTGAGE COMPANY LLC
P.O. BOX 14130
Orange, CA 92863

CITI RESIDENTIAL LENDING, INC
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92117-0933

Rokitto Enterprises
Attn: ROBERT GONZALEZ JR
7318 TOPANGA CANYON BLVD STE 200
CANOGA PARK, CA 91303

**Cathy Diane Cohen**
4501 Cedros Avenue, Unit #335
Sherman Oaks, CA 91403

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page